UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

KEVIN LAMONT ROBINSON,

        Petitioner,         Case No. 1:07-cv-597

v.                                   Honorable Robert J. Jonker

MARY BERGHUIS,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 126 S. Ct. 1675, 1684 (2006). After undertaking the review required by Rule 4, I conclude that Petitioner's amended application for habeas corpus relief is barred by the one-year statute of limitations.

**Discussion**

    I.        Factual Allegations

Petitioner is presently incarcerated at the Ojibway Correctional Facility. He pleaded nolo contendere in the Mecosta County Circuit Court to armed robbery, MICH. COMP. LAWS § 750.529. On February 24, 2003, the trial court sentenced Petitioner to eleven years and three months to twenty years' incarceration. The Michigan Court of Appeals denied his application for leave to appeal on May 30, 2003. On November 24, 2003, the Michigan Supreme Court also denied his application for leave to appeal because it was not persuaded that the questions presented should be reviewed by the court.

On February 17, 2004, Petitioner filed a motion for relief from judgment in the Mecosta County Circuit Court, which the trial court subsequently denied on June 8, 2004. The Michigan Court of Appeals denied Petitioner's application for leave to appeal on September 21, 2005. On March 27, 2006, the Michigan Supreme Court denied Petitioner's application for leave to appeal for failure to meet the burden of establishing entitlement to relief under Michigan Court Rule 6.508(D).

In his amended application for habeas corpus relief, Petitioner raises the following grounds for habeas corpus relief. Petitioner argues that the trial court denied his due process rights under the Sixth Amendment when: (i) the trial court failed to grant Petitioner an evidentiary hearing on his motion to withdraw his plea agreement; and (ii) the trial court denied Petitioner's motion to withdraw his plea agreement. (Am. Pet. at 6; docket #6.)

II.     Statute of Limitations

Petitioner's amended application for habeas corpus relief is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1]  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  *See Dodd v. United States*, 545 U.S. 353, 357 (2005).  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C.

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allowed dismissal of a petition only under circumstances where the state had been prejudiced by the delay in filing.

§ 2244(d)(1)(A). According to paragraph nine of Petitioner's amended application for habeas corpus relief, Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. (Am. Pet. at 2-3.) The Michigan Supreme Court denied his application on November 24, 2003. Petitioner did not petition for certiorari review in the United States Supreme Court. The one-year limitations period, however, does not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-084 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000); FED. R. CIV. P. 6(a) (the first day for counting purposes does not include the day of the act, event or default from which the designated period of time begins to run; and the last day of the period shall be included unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day). The ninety-day period expired on Monday, February 23, 2004. The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner filed his motion from relief for judgment in the Mecosta County Circuit Court on February 17, 2004, six days before the statute of limitations began to run. A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence*, 127 S. Ct. at 1083-084. The statute is not tolled during the time in which a petitioner

could have sought certiorari review in the United Stated Supreme Court. *Id.* at 1086. The Michigan Supreme Court denied Petitioner's application for leave to appeal on March 27, 2006. Petitioner, therefore, had one year from March 28, 2006, until March 28, 2007, to file his habeas application. *See Bronaugh*, 235 F.3d at 284-85. Petitioner filed his initial application for habeas corpus relief (docket #1) on or about June 21, 2007.[2] Since he filed after the statute of limitations expired, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise or allege any facts or circumstances that would warrant the application of equitable tolling in this case. Petitioner, citing *Carey v. Saffold,* 536 U.S. 214,

---

[2]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on June 21, 2007, and it was received by the Court on June 22, 2007. Thus, it must have been handed to prison officials for mailing at some time between June 21 and 22. For purposes of this case, the Court gave Petitioner the benefit of the earliest possible filing date.

- 5 -

220 (2002), argues that the statute of limitations should be tolled during the period in which he may seek certiorari review in the United States Supreme Court for the denial of his application for state post-conviction relief. (Am. Pet. at 13.) In *Carey,* 536 U.S. at 216-17, 220-21, the Court held that the word "pending" in 28 U.S.C. § 2244(d)(2), "cover[s] the time between a lower state court's decision and the filing of a notice of appeal to a higher state court." The Sixth Circuit in *Abela v. Martin,* 348 F.3d 164, 172-73 (6th Cir. 2003), broadly interpreted "pending" under 28 U.S.C. § 2244(d)(2) to toll the statute of limitations from the filing of an application for state post-conviction relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment. The Supreme Court, however, recently clarified that "[s]tate review ends when the state courts have finally resolved an application for state postconviction relief" – even if a prisoner files a petition for certiorari. *Lawrence*, 127 S. Ct. at 1083, 1086. Therefore, Petitioner is not entitled to receive the benefit of the ninety-day certiorari period for the tolling of the statute of limitations.

Further, Petitioner failed to satisfy the elements in the equitable tolling standard, i.e. "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 127 S. Ct. at 1085 (citation omitted). First, Petitioner failed to diligently pursue his rights when he filed his initial application for habeas corpus relief on June 21, 2007, well over one year following denial of his application for postconviction relief by the Michigan Supreme Court on March 27, 2006. Even after the Supreme Court reached its February 20, 2007 decision in *Lawrence*, 127 S. Ct. at 1086, Petitioner had over thirty days remaining in the statute of limitations to file his application for habeas corpus relief. Second, Petitioner does not allege that any extraordinary circumstance stood in his way to file his application for habeas corpus relief. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations for his

untimely claims. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period also does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 126 S. Ct. at 1684. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  September 13, 2007                             /s/ Hugh W. Brenneman, Jr.
                                                       HUGH W. BRENNEMAN, JR.
                                                       United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).